IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TODD ANDREW          : | |
|     Plaintiff,   : | |
| : | |
| v.                   : | No. 5:15-CV-307 (CAR) |
| : | Proceedings Under 42 U.S.C. § 1983 |
| HOMER BRYSON, *et al.*, : | |
|     Defendants.  : | |
| : | |

### ORDER ON UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation to grant Defendants Kirk, Eutsey, Chatman, and Brown's Motions to Dismiss and deny as moot Plaintiff's Motion to Dismiss. Plaintiff has filed an Objection to the Recommendation to grant the Defendants' Motions to Dismiss. Having fully considered the record in this case and investigated *de novo* those portions of the Report and Recommendation to which Plaintiff objects, the Court agrees with the findings and conclusions in the Report and Recommendation.

In this action pursuant to 42 U.S.C. § 1983, Plaintiff asserts Defendants violated his Eighth Amendment rights by allowing another inmate to beat him with a broom handle. The Report and Recommendation concludes Plaintiff failed to exhaust his available administrative remedies before filing his Complaint. This Court agrees. In his Objection, Plaintiff argues he did exhaust his available administrative remedies, and he

1

requests an attorney.

## I.     Exhaustion of Administrative Remedies

Plaintiff appears to argue he exhausted his administrative remedies because prison officials failed to timely respond to his grievance, rendering those remedies unavailable.  As Plaintiff notes, some courts have held "failure to respond to a prisoner's grievance amounts to an indefinite delay that renders administrative remedies unavailable."[1]  However, Plaintiff does not specify which of his many grievances regarding the incident did not receive a timely response.  Instead, he vaguely alleges "[w]hat prison officials at G.D.C.P. Jackson do is just not respond to your Grievances, not give you a copy of the Wardens [sic] decision, not give you a copy of appeal to do."[2]  The Court need not accept Plaintiff's conclusory allegations in lieu of specific factual allegations as to why and how the grievance procedure was unavailable to Plaintiff.[3]

Although Plaintiff filed multiple grievances regarding the incident, only in Grievance Number 205233 did Plaintiff allege a prison official failed to protect him from the attack.  Accordingly, only if prison officials failed to respond to this grievance would administrative remedies have been unavailable.  Yet even if the Court construes Plaintiff's unavailability argument as referring to Grievance Number 205233, the

---

[1] *Milton v. Fleckenstein*, No. 6:10-cv-377-Orl-31DAB, 2011 WL 208310, at *2 (M.D. Fla. Jan. 21, 2011) (citing *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005)).
[2] Pl.'s Obj. [Doc. 51] at 3.
[3] *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (noting "[f]rivolous, conclusive, or general objections need not be considered by the district court").

undisputed facts show Plaintiff received timely responses from both the Warden and the Central Office. The applicable Georgia Department of Corrections' grievance procedures specified the time within which a prisoner must receive a response to a grievance. At the first level of review, the Warden must deliver the decision within forty calendar days of the date the prisoner filed the grievance, subject to a ten-day extension.[4] On appeal, the Central Office must deliver the decision within one hundred days of receipt of the appeal.[5]

Here, Plaintiff filed Grievance Number 205233 on September 30, 2015.[6] The Warden denied the grievance on October 2, well before the required forty-day period expired.[7] On October 6, Plaintiff appealed the denial to the Central Office.[8] Finally, the Central Office denied Plaintiff's appeal on November 24, also well within the required one hundred-day period.[9] Thus, as to the only grievance in which Plaintiff alleged a prison official failed to protect him from the attack, Plaintiff received timely responses. A prisoner "may not bypass the established administrative remedies procedure simply because he does not receive responses to his grievances as quickly as he would prefer."[10] Consequently, administrative remedies were available to Plaintiff, and the Court agrees with the conclusion in the Report and Recommendation that Plaintiff

---

[4] Georgia Dep't. of Corrections SOP IIB05-0001 § VI(D)(7); [Doc. 21-3, p. 10].
[5] Georgia Dep't. of Corrections SOP IIB05-0001 § VI(E)(7); [Doc. 21-3, p. 13].
[6] [Doc. 21-6] at 6.
[7] [Doc. 21-6] at 3.
[8] [Doc. 21-6] at 1-2.
[9] [Doc. 21-2] at 8-9.
[10] *Mathis v. Chatman*, 6:15-cv-122, 2016 WL 3920255, at *5 (S.D. Ga. July 15, 2016).

failed to exhaust those remedies before filing his Complaint. Thus, Plaintiff's Objection is **OVERRULED**.

## II.    Appointment of Counsel

In his Objection, Plaintiff also requests the Court appoint him an attorney to assist him in this matter. Pursuant to 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for an indigent plaintiff.[11] However, a prisoner raising civil rights claims has "no constitutional right to counsel."[12] Rather, appointment of counsel requires "exceptional circumstances such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner."[13] Such circumstances do not exist at this time. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel. Plaintiff's request for appointment of counsel is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation [Doc. 45] is **HEREBY ADOPTED AND MADE THE ORDER OF THIS COURT**; Defendants Kirk, Eutsey, Chatman, and Brown's Motions to Dismiss [Docs. 20 and 28] are **GRANTED**,

---

[11] *German v. Broward County Sheriff's Office*, 315 F. App'x 773, 777 (11th Cir. 2009) (unpublished decision).
[12] *Id.* (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).
[13] *Id.* (quoting *Kilgo*, 983 F.2d at 193).

and Defendants KIRK, EUTSEY, CHATMAN, and BROWN are **DISMISSED** from this action; Plaintiff's Motion to Dismiss [Doc. 14] is **DENIED as MOOT**; and Plaintiff's request for appointment of counsel is **DENIED**.  Plaintiff's claims against Defendant DUMAS may go forward.

**SO ORDERED**, this 13th day of September, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT