IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD ANDREW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:15-cv-0307-CAR-CHW |
| VS. | : | |
| | : | |
| HOMER BRYSON et al, | : | |
| | : | |
| Defendants. | | |

## ORDER ON MOTION

Currently before the Court is Plaintiff Todd Andrew's motion to proceed *in forma pauperis* on appeal from the Court's September 13, 2016, Order granting Defendants' motions to dismiss.[1]  The Federal Rules of Appellate Procedure allow the district court to authorize an appeal without prepayment of the appellate filing fees if the plaintiff (1) submits an affidavit and sufficient financial documentation to support of his claim of indigence and (2) seeks to raise an objectively non-frivolous, good-faith argument on appeal.  *See* Fed. R. App. P. 24(a).  *See also* 28 U.S.C. § 1915(a)(3).  An appeal may thus not be taken *in forma pauperis* – regardless of the plaintiff's economic eligibility – if the district court finds that the plaintiff's appeal is frivolous or otherwise not taken in good faith.  *See id; Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) ("Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.).

---

1 *See* Order at Doc. 52 & Recommendation at Doc. 45.

In this case, Plaintiff's motion, affidavit and prison trust account certification [Doc. 62, 64] are sufficient to demonstrate his inability to now prepay the entire appellate filing fee. Plaintiff's motion and affidavit, however, do not assert any legal error by this Court in dismissing his claims or state any other ground for appeal.[2] Because of this – and after further review of both Plaintiff's notice of appeal and the challenged order, the Court finds no objectively good-faith cause for appeal. Plaintiff's appeal of the dismissals based on arguments previously raised would be frivolous for the same reasons stated in the Court's September 13, 2016 Order. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Plaintiff's motion(s) to proceed *in forma pauperis* on appeal [Doc. 73, 74] is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee. Because Plaintiff has stated that he cannot pay the $505.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). The prison account custodian where Plaintiff is incarcerated shall thus cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the $505.00 appellate filing fee has been paid in full. These funds shall be withheld by the prison account custodian who, on a monthly

---

[2] Rule 24 of the Federal Rules of Appellate Procedure requires the plaintiff to file a motion in the district court that (1) shows his inability to pay the fee, (2) claim an entitlement to redress, and (3) states the issues that the party intends to present on appeal. *See* Fed. R. App. P. 24. A plaintiff's failure to include a statement of the issues he intends to present on appeal may therefore be fatal to his motion. *See White v. Bank of Am., N.A.*, No. 1:12-CV-3834-WSD, 2014 WL 12544825, at *3 (N.D. Ga. Feb. 4, 2014).

2

basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $505.00 has been paid.   Checks should be made payable to "Clerk, U.S. District Court."

    **SO ORDERED**, this 31st day of January 2017.

            **S/ C. Ashley Royal**
            C. ASHLEY ROYAL, JUDGE
            UNITED STATES DISTRICT COURT